UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Arbitration between | CIVIL ACTION NO. |
| **LOUISIANA DEPARTMENT OF NATURAL RESOURCES, through the COASTAL PROTECTION RESTORATION AUTHORITY** | JUDGE |
| | MAGISTRATE |
| **VERSUS** | |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF MOTION TO VACATE ARBITRATION ORDER**</u>

## I.   INTRODUCTION

The Louisiana Department of Natural Resources, through the Coastal Protection and Restoration Authority (the "State"), pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, move this court to vacate the June 6, 2016 decision rendered by the Arbitration Panel in CBCA – 4984 – FEMA – *In the Matter of Louisiana Department of Natural Resources*. The arbitration process was instituted under 44 CFR 206.209.  This motion is proper under 44 CFR 206.209(k)(3) and 9 U.S.C. § 10.[1]

This motion should be granted on the grounds that the arbitration panel refused to hear evidence pertinent and material to the controversy.  *See* 9 U.S.C. 10(a)(3).  Specifically, the arbitration panel did not have all available evidence due to the Federal Emergency Management Agency's ("FEMA") failure to respond to the State's Freedom of Information Act ("FOIA") requests.  *See* 9 U.S.C. § 10(a)(3).  The requested records are relevant to this proceeding such that

---

[1] Attached hereto as Exhibit A, for the convenience of the court, are the applicable provisions including 44 CFR 206.209 and 9 U.S.C. § 10.

1

the State and this Panel should have had the opportunity to review and consider them prior to a final decision being rendered.

Furthermore, the arbitration panel did not follow FEMA's promulgated rules that provide for a hearing, in which the State would have had the opportunity to present the evidence and expert testimony it spent years gathering. *See* 9 U.S.C. § 10(a)(3), 44 C.F.R. § 206.209(h)(1), 44 C.F.R. § 206.209(h)(9)(i)(2). The State made specific, repeated request for an opportunity to be heard pursuant to the plain language of 44 C.F.R. § 206.209(h)(1), which states that the panel "will provide" the parties with an opportunity to make an oral presentation on the substance of the claim in person, by telephone conference, or other means. Moreover, 44 C.F.R. § 206.209(h)(9)(i)(2) provides that the arbitration panel "will consider all relevant written materials provided by the [State] and FEMA, as well as oral presentations, if any." Therefore, the State should have been afforded the opportunity to be heard and to present the extensive exhibits compiled in preparation of this matter as well as the testimony of its experts.

## II.    BACKGROUND

The State submitted its Project Worksheet Version Request 0 (the "Public Assistance Request") on September 24, 2013 seeking Public Assistance under the Stafford Act to fund the restoration of Louisiana's Coastal Barrier Resources Systems ("CBRS" or the "System") following the unprecedented damage caused by Hurricanes Katrina and Rita. Louisiana's barrier shorelines were subjected to breaching, overwash, and loss of sand from the active longshore system, resulting in unprecedented erosion rates and volumetric losses.[2] Storm surge and flooding associated with these storms damaged the geomorphic form and function of the barrier shoreline beach, dune, and marsh features, significantly reducing the stabilization of, and protection

---

[2] *See* Exhibit B, the State's Public Assistance Request dated September 24, 2013.

provided by, the CBRS.

In order to restore the CBRS to its pre-storm form and function, the State requested $586,112,000.00 in public assistance for the purposes of restoring 28,452,707 cubic yards of sand and 337,090 linear feet of sand fencing plus vegetation necessary to retain and conserve the sediment introduced into the System.  The State's Public Assistance Request was fully supported by its experts' reports and related data, research, investigation, references and studies.

The importance of, and the measured damage to, Louisiana's CBRS is undisputed. Louisiana's CBRS, protected by its own federal law and maintained for decades by a state/federal cooperative, is vital for the protection of coastal communities as they are considered the "first line of defense" from a coastal restoration and protection standpoint.  The System provides storm damage reduction benefits from higher frequency, lower intensity storms as well as surge and energy reduction from lower frequency, higher intensity storms.  Degradation of Louisiana's CBRS represents a significant threat to life and property, and thus, its restoration is critical.

It was not until late August 2015 that FEMA made its determination on the State's Public Assistance Request.[3]  In denying the request, FEMA failed or refused to meet its obligations to provide Public Assistance under the Stafford Act to restore Louisiana's CBRS to its pre-storm condition.

However, in its denial, FEMA admitted that Louisiana's barrier islands form a "System." Moreover, FEMA did not dispute that: (1) Louisiana's System of barrier islands is critical to the protection of Louisiana's coastline; (2) Hurricanes Katrina and Rita caused devastating damage to the System resulting in an unprecedented rate of erosion and sediment loss; and (3) the degradation of the System represents a significant threat to life and property such that its restoration is critical.[4]

---

[3] *See* Exhibit C, FEMA's denial of the State's Public Assistance Request.
[4] *Id*.

Finally, FEMA accepted the State's expert's calculation of the loss and its estimation of the costs to restore the System to it pre-storm condition.[5]

FEMA's primary reason for denial was that the State's Public Assistance Request did not include an eligible "facility" as that term is defined under the Stafford Act and the pertinent federal regulations. Specifically, FEMA argued that the "System" of barrier islands is not an eligible "facility," and further, that the individual barrier islands themselves are not eligible facilities.[6] In doing so, FEMA relied on its own definition of "facility" that is improperly narrower and more restrictive than the Stafford Act's definition of "facility." FEMA requires that for a "system" to qualify as an eligible "facility" it must be "built or manufactured" or "improved and maintained." This is an impermissible divergence from the Stafford Act and is inconsistent with Congress's intent to provide Louisiana's CBRS with Public Assistance.

Further, FEMA asserted that the System of barrier islands and the individual islands themselves are natural features that must be "improved and maintained" in order to qualify as an eligible "facility." FEMA went on to determine that none of the islands met the "improved and maintained" requirement. FEMA admitted that a number of projects had been completed on various islands prior to the subject storms, but argued that none of these improvements have been maintained. In doing so, FEMA demonstrated its fundamental misunderstanding of the restoration, monitoring, and maintenance of Louisiana's barrier islands that has been ongoing for more than twenty (20) years.

Thereafter, on September 23, 2015, the State made its Request for Arbitration, pursuant to section 44 C.F.R. §206.209, in lieu of taking an administrative appeal of its Public Assistance

---

[5] *Id.*
[6] *Id.*

Request.[7]  Pursuant to 44 CFR Part 206, Subpart G ("Subpart G"), adding Section 206.209, which is derived from statutory authority set forth in Public Law 111-5, Section 601, an arbitration panel comprised of judges on the Civilian Board of Contract Appeals ("CBCA") was granted subject matter jurisdiction over this dispute (the "Panel").[8]  The arbitration was to "be conducted pursuant to procedure established by the arbitration panel" in accordance with 44 C.F.R. § 206.209(c).  However, there have been no specific set of rules established by the CBCA for its handling of these FEMA arbitration claims, and the Panel did not provide the subject parties with any procedural rules governing this arbitration.   The only apparent procedural rules are those established by FEMA in 44 CFR 206.209 (2009).[9]

The State's Request for Arbitration sought to have the Panel determine that FEMA failed or refused to meet its obligations to provide Public Assistance under the Stafford Act so that Louisiana's CBRS can be restored to its pre-storm condition.  In short, the State made alternative arguments in its Request for Arbitration: (1) that FEMA's promulgated rules and regulations are inconsistent with and beyond the authority provided to it by Congress and (2) that even if the Panel were to rule in favor of FEMA's interpretation of *public facility*, that it should still find that the "System" and/or the individual islands making up the System are in fact natural features that have been improved and maintained as those terms are used in Subpart G.  In support of its alternative argument, the State provided a detailed history of the improvements, restoration, and maintenance of the System as a whole, and attached as exhibits a mountain of supporting evidence including reports from its expert, Coastal Engineering Consultants, Inc. ("CEC").  Additionally, the State reserved its rights to supplement its Request for Arbitration based on directly relevant FOIA

---

[7] *See* Exhibit D, the State's Request for Arbitration dated September 23, 2015.
[8] *See* 44 CFR Part 206, Subpart G.
[9] Attached hereto as part of Exhibit A, for the convenience of the court.

requests that FEMA had thus far refused to answer and also specifically requested the opportunity to make an oral presentation at a hearing in accordance with 44 C.F.R. § 206.209(h).[10]

Thus, the principal question before the Panel was whether the State's Public Assistance Request included a "facility" eligible for Public Assistance under the Stafford Act. The State asserted that not only was FEMA wrong, but its actions were so inconsistent with Congressional intent that its denial of Public Assistance was arbitrary and capricious under the law. Moreover, the denial of public assistance jeopardizes the very existence of Louisiana's System of barrier islands, and by extension, Louisiana's coastline, wetlands and wildlife, altogether endangering the life and property of Louisiana's citizens.

On November 30, 2015, FEMA filed a response to the State's Request for Arbitration asserting that questions regarding statutory authority, congressional intent, and the interpretation of federal agency rulemaking were beyond the scope of the Panel, and requested that the Panel first clarify the scope of its review.[11] FEMA went on to address the State's alternative argument that the System and/or individual islands are public facilities because they meet FEMA's requirement of either being built or manufactured, or improved and maintained.

Following a preliminary telephone conference with the Panel which took place on December 9, 2015, the parties submitted supplemental briefs addressing the legal issue of scope of review.[12] The Panel had indicated on the conference call that it would address the substantive issues and the outstanding FOIA requests after making a determination regarding the scope of review. The State, in accordance with the Panel's request, addressed only the legal issue of scope of review, which included an analysis of congressional and statutory interpretation. The State

---

[10] *See* Exhibit D, the State's Request for Arbitration p. 32-33.
[11] *See* Exhibit E, FEMA's Response to the State's Request for Arbitration dated November 30, 2015.
[12] *See* Exhibits F and G, respectively, the State and FEMA's supplemental briefs addressing the legal issue of scope of review.

specifically reserved its rights to have the Panel consider the substantive analysis of whether the System and/or the individual islands are "natural features" that have been "improved and "maintained" as required by FEMA.  The argument and supporting evidence for the substantive dispute was included as part of the State's Request for Arbitration, which FEMA addressed in its original response.  The State also reiterated its reservation of rights relative to the outstanding FOIA requests and its request for oral argument pursuant to 44 C.F.R. § 206.209(h).

On March 24, 2016, the Panel denied the State's Request for Arbitration in its entirety and dismissed the arbitration altogether without what appeared to be a substantive review and analysis of the State's alternative argument that Louisiana's CBRS is a public facility because it is, and has been for twenty (20) years, an improved and maintained natural feature.[13]  The Panel dismissed the arbitration despite indicating in the initial preliminary telephone conference that it would first address only the legal issue of its scope of review, which would then dictate how the Panel would proceed with deciding the substantive issues before it.  Moreover, the Panel issued its decision without recognizing FEMA's failure to respond to the State's FOIA requests and without providing the State with its right to oral argument pursuant to 44 C.F.R. § 206.209(h).

Setting aside the issue regarding the Panel's scope of review, the State submitted a Motion for Reconsideration and/or Amendment of Decision based on the following errors: (1) the Panel did not consider and/or rule on all arbitral issues; (2) the Panel did not provide the State with an opportunity to present an oral presentation at a hearing as provided for in 44 C.F.R. § 206.209(h); and (3) the State and the Panel did not have all available evidence because FEMA had failed to respond to the State's FOIA requests.[14]

The State's Motion for Reconsideration and/or Amendment of Decision was denied on

---

[13] *See* Exhibit H, Panel decision dated March 24, 2016.
[14] *See* Exhibit I, the State's Motion for Reconsideration and/or Amendment of Decision dated April 22, 2016.

June 6, 2016.[15]  The Panel reasoned that FEMA arbitrations are governed solely by regulations established by FEMA in 44 CFR 206.209 (2009), which explains that decisions reached by a majority of the Panel are final, binding, and not subject to further administrative review.  However, the Panel acknowledged that there are narrow exceptions to this rule – including where a decision does not adjudicate an issue which was submitted to the arbitrator.  44 CFR 206.209(k)(3).  *See e.g. T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.2d 329, 343 (2d Cir. 2010); *Legion Insurance Co. v. VCW, Inc.*, 198 F.2d 718, 720 (8th Cir. 1999); *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 332 (3d Cir. 1991).  Notably, the Panel did not place any weight on the fact that the State and the Panel did not have all available evidence due to FEMA's failure to respond to the State's FOIA requests, and further, that the State was not afforded an opportunity to present evidence and expert testimony at a hearing.

The Panel concluded its decision on the Motion for Reconsideration and/or Amendment of Decision by invitng the State to file separate grant applications on individual islands that have been improved and maintained.  FEMA followed with a letter allowing the State to file new requests by August 5, 2016.[16]  The State timely did so in order to preserve its rights, while also reserving its right to file this Motion.  Based on the Panel's continued refusal to consider evidence pertinent and material to the arbitration, the State now brings this Motion to Vacate before this Court under 9 U.S.C. § 10 – the FAA.

## III.    LAW AND ARGUMENT

The Panel denied the State's Request for Public Assistance and dismissed the arbitration

---

[15] *See* Exhibit J, Panel Decision dated June 6, 2016.  Pursuant to 9 U.S.C. § 12, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  Thus, as this Motion, being served on FEMA within three months after the Panel's final decision, is timely.

[16] *See* Exhibit K, FEMA's letter permitting State to file new requests dated July 28, 2016.

without addressing the outstanding FOIA requests that the State had previously issued to FEMA and without providing the State with its right to a hearing.  In doing so, the Panel has refused to hear evidence pertinent and material to the controversy, thereby prejudicing the rights of the State in its pursuit of Public Assistance for Louisiana's CBRS.  For these reasons, and for those outlined herein, the State is entitled to have the Panel's decision vacated pursuant to 9 U.S.C. §10(a)(3).

> **a.  The Panel's Decision is Subject to Judicial Review Pursuant to 9 U.S.C.  § 10.**

In rejecting the State's Motion for Reconsideration and/or Amendment of Decision, the Panel explained that FEMA arbitrations are governed by regulations established by FEMA in 44 CFR 206.209 (2009).  44 CFR 206.209(k)(3) provides that the decision of the majority of the Panel shall constitute a final decision not subject to further administrative review, with the exception that final decisions *are* subject to *judicial* review as permitted by 9 U.S.C. § 10, which provides in pertinent part:

> a)  In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> 1)  where the award was procured by corruption, fraud, or undue means;
> 2)  where there was evident partiality or corruption in the arbitrators, or either of them;
> 3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in **refusing to hear evidence pertinent and material to the controversy;** or of any other misbehavior by which the rights of any party have been prejudiced; or
> 4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Emphasis added.

Notably, the venue provisions of 9 U.S.C. § 10 of FAA are permissive, permitting a motion to confirm, vacate, or modify an arbitration award either where the award was made **or in any district proper under the general venue statute**, and do not restrict such a motion to the district

where the award was made.  *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000).  Enactment of the special venue provisions in the FAA was intended to provide a liberalizing effect.  *Cortez Byrd Chips, Inc.*, 529 U.S. at 200; *see also Delta Dental of Rhode Island v. Dental Serv. of Massachusetts, Inc.*, 918 F.Supp. 46, 48–49 (D.R.I.1996) ("...the language of the Act does not indicate exclusive and mandatory jurisdiction but instead merely permits jurisdiction and venue in the district where the award was made if there is independent subject matter jurisdiction.").  In the instant matter, the United States District Court for the Middle District of Louisiana is an appropriate venue as a substantial part of the events giving rise to the underlying Public Assistance Request occurred here and the State offices responsible for pursuing the request on behalf Louisiana are located within this district.

A district court's review of an arbitration decision under the FAA is limited to grounds set forth in the FAA.  *Owen-Williams v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, D.Md.1995, 907 F.Supp. 134, *affirmed* 103 F.3d 119.  In reviewing an arbitration award, judicial deference to the panel's ruling does not grant carte blanche approval to any and all decisions that an arbitrator has made.  *International Broth. of Firemen & Oilers, Local 261 v. Great Northern Paper Co.*, C.A.1 (Me.) 1985, 765 F.2d 295.  Rather, courts are to consider four narrow questions in its review of an arbitration decision, namely:  whether the decision is the result of fraud, whether there is evidence of bias on the part of the arbitrators, whether the arbitrator was guilty of misconduct, and whether the arbitrator exceeded his powers.  *Atlanta Nat. League Baseball Club, Inc. v. Kuhn*, N.D.Ga.1977, 432 F.Supp. 1213.  In reviewing the Panel's decision, the court's function is confined to determining whether one of the grounds specified by 9 U.S.C. §10 for vacation of an award exists.  *National R.R. Passenger Corp. v. Chesapeake & O. Ry. Co.*, C.A.7 (Ind.) 1977, 551 F.2d 136.

9 U.S.C. § 10(a)(3) of the FAA permits a court to vacate a final award "where the arbitrators were guilty of misconduct...in refusing to hear evidence pertinent and material to the controversy...."  Vacatur of the arbitration award is appropriate where an arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties.  *Louisiana Health Serv. Indem. Co. v. Gambro A B,* CIV.A. 05-1450, 2011 WL 6160276, at *6 (W.D. La. July 8, 2011).  The court in *White v. Valero Ref. New Orleans, LLC,* CIV.A. 11-1014, 2013 WL 3154731, at *3–4 (E.D. La. June 19, 2013) explained the standard as follows:

> The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and argument. An evidentiary error must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing. (Internal citations omitted).

In addition to the grounds outlined in the FAA, a district court may vacate an award if the award was made with "manifest disregard for the law." *Tassin v. Ryan's Family Steakhouse, Inc.,* 509 F.Supp.2d 585, 590 (M.D. La.2007).[17]  Manifest disregard "clearly means more than error or misunderstanding with respect to the law." *Id.* at 590-91.  The term "disregard" implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it.  *Id.* at 591.  The *Tassin* court found that the "manifest disregard analysis" for determining if an arbitrator's decision should be vacated is twofold: (1) the error must be obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; and (2) the court must find that the award resulted in a significant injustice.  *Id.*

Here, the Arbitration Panel's decision should be overturned as the State was prejudiced by the Panel's refusal to acknowledge the relevancy of the outstanding FOIA requests and its refusal

---

[17] Notably, in *Tassin v. Ryan's Family Steakhouse, Inc.*, 509 F.Supp.2d 585 (M.D. La.2007), the court found that the plaintiff did not allege that the panel refused to hear testimony, but instead argued the credibility assessments made by the panel were incorrect.

to allow the State an opportunity to present evidence and expert testimony at a hearing. *See* 44 C.F.R. § 206.209(h)(1); 44 C.F.R. § 206.209(h)(9)(i)(2).

> ### i.  The State Was Prejudiced By FEMA's Failure To Respond To The State's FOIA Requests And Ultimately, The Panel's Refusal To Consider The Same

The State issued FOIA requests to FEMA on September 11, 2015 and September 23, 2015, respectively, seeking information and documents that are relevant to its Public Assistance Request, including documents regarding the request itself and documents involving prior hurricane claims on barrier islands along the East Coast and the Gulf of Mexico.[18]  Thereafter, on November 10, 2015, counsel for the State narrowed the requests to include information related to public assistance for eco-system restoration associated with certain geographic areas, particular hurricanes, and specified time periods.

It was not until April 27, 2016, over a month after the Panel's first order dismissing the arbitration, that FEMA provided its first interim response to the State's September 11, 2015 FOIA requests.[19]  The initial production was very limited and included documents responsive to only one of the requests.

Later, on August 18, 2016, months after the Panel rendered its June 6, 2016 decision, FEMA provided its second interim response to the State's September 11, 2015 FOIA request.[20] This production was slightly more responsive, including over 1,700 pages of records, although FEMA has not provided any indication as to if, when, and how many more documents will be produced.  Moreover, for the first time, FEMA's responses included probative Public Assistance requests related to other eco-system restoration which the State expected to rely on in presenting

---

[18] *See* Exhibit L, the FOIA requests dated September 11, 2015 and September 23, 2015.
[19] *See* Exhibit M, cover letter of FEMA's first interim response dated April 27, 2016.
[20] *See* Exhibit N, cover letter of FEMA's second interim response dated August 18, 2016.

its case to the Panel.  FEMA has yet to address the State's September 23, 2015 FOIA request.

Thus, the State did not have the opportunity to review the documents and present any relevant

evidence for the Panel's review and consideration.  Nevertheless, the arbitration panel dismissed

the matter in the face of the State's reservations to supplement the record upon receipt and review

of the documents.

     Arbitrators have an affirmative duty to "insure that relevant documentary evidence in the

hands of one party is fully and timely made available to the other side. ... [A] failure to discharge

this simple duty would constitute a violation of FAA § 10(a)(3), where a party can show prejudice

as a result." *Ostrom v. Worldventures Mktg., LLC*, 160 F.Supp.3d 942 (M.D. La.2016) *citing*

*Chevron Transp. Corp. v. Astro Vencedor Compania Naviera, S. A.*, 300 F.Supp. 179, 181

(S.D.N.Y.1969).  The absence of statutory provisions for discovery techniques in arbitration

proceedings does not negate this affirmative duty.  *Chevron Transp. Corp. v. Astro Vencedor*

*Compania Naviera, S. A.,* 300 F.Supp. 179, 181 (S.D.N.Y.1969), *order confirmed sub nom.*

*ARBITRATION BETWEEN CHEVRON TRANSPORT CORPORATION, Petitioner, AND ASTRO*

*VENCEDOR COMPANIA NAVIERA, S.A., Respondent.,* 69 CIVIL 572, 1969 WL 173716

(S.D.N.Y. July 24, 1969).

     In the instant arbitration, the State should have been afforded the opportunity to review the

documents produced in response to its repeated FOIA requests and present them to the Panel for

consideration.  The outstanding FOIA requests seek pertinent information and/or documents

related to the State's grant application and to other FEMA-funded restoration for barrier islands

along the East Coast and the Gulf of Mexico.  The requested records go to issues related to

FEMA's decision in the instant matter as well as its treatment of other barrier island hurricane

claims and are therefore relevant to this instant proceeding.  By denying the State the opportunity

to review and present relevant documents produced in response to its FOIA requests, the State was prejudiced in the arbitration proceedings.

The State specifically reserved rights to supplement its Request for Arbitration both in its initial and supplemental briefing.  Furthermore, the State raised the issue of the outstanding FOIA requests during the December 9, 2015 preliminary conference with the Panel.  The Panel chose not to address the issue at that time, suggesting that the requests did not go to the legal issues relative to the scope of review.  The Panel indicated, and the State was under the impression, that the outstanding FOIA requests would be dealt with after the determination regarding the scope of review.  Because the Panel did not have documents pertinent to its decision before it, the Panel's decision should be vacated pursuant to 9 U.S.C. § 10(a)(3).

> ### ii.  The State Was Denied Its Right To A Hearing On The Merits And The Opportunity To Present Evidence And Expert Testimony

In its March 24, 2016 Order, and contrary to its initial indications, the Panel went beyond deciding legal issues related to its scope of review question when it denied the State's grant application altogether and dismissed the arbitration.  It appeared from the reasons provided that the Panel did not perform a substantive review and analysis of whether the System and/or the individual islands making up the System meet the requirements set by FEMA that a natural feature must be "improved and maintained" in order to be considered an eligible *public facility*.  This was an issue that was briefed extensively by both parties to the arbitration.  The State's position was supported by substantial evidence of the System's restoration, improvements, and maintenance that have been ongoing for the last twenty (20) years, including well-developed expert reports.

It was the State's understanding that the Panel was to only rule on the initial matter of the scope of review, which is why in its supplement brief it merely reserved rights to its alternative argument that had been fully briefed and supported in its application for arbitration.  The State

fully expected that after ruling on the issue of the scope of review, the Panel would provide the State with an opportunity for oral presentation on the substantive issues – including its alternative argument regarding whether the System and/or individual islands are improved and maintained natural features.  In fact, in its Request for Arbitration, the State provided over 120 exhibits to the Panel, including expert reports and projections, for the purposes of developing a complete record that could be relied on during oral argument on the matter.

The State retained the services of Coastal Engineering Consultants, Inc. ("CEC"), a recognized leader in the field of coastal engineering, to conduct a System-wide analysis in an effort to quantify the erosion and sediment losses attributable to Hurricanes Katrina and Rita and to prepare a scientifically-accepted plan to restore the System to its pre-storm condition.  Following its comprehensive study utilizing all resources and data available, CEC submitted its initial report on July 26, 2013 in which it calculated the total erosion and sediment losses to Louisiana's CBRS resulting directly from Hurricanes Katrina and Rita to be in excess of 28 million cubic yards.  CEC opined that restoration of the System was necessary due to its critical function in protecting and preserving Louisiana's coastline.  It developed a restoration plan that includes the introduction of sand into the System and the installation of fencing and vegetation, all totaling more than $586 million dollars.  The State anticipated being afforded the opportunity to have its experts present testimony related to its findings for the purposes of the Panel making factual and credibility determinations based on the substantive issues at bar.

Instead, the Panel rendered its opinion and dismissed the entire arbitration without providing the State with an opportunity for oral argument despite the State's specific request for same in its original application and the supplemental briefing.  44 C.F.R. § 206.209(h)(1) states that the panel "will provide" the parties with an opportunity to make an oral presentation on the

15

substance of the claim in person, by telephone conference, or other means.  44 C.F.R. § 206.209(h)(9)(i)(2) further provides that the arbitration panel "will consider all relevant written materials provided by the applicant, the Grantee, and FEMA, as well as oral presentations, if any." The Panel's refusal to hear evidence pertinent and material to the controversy, such as the testimony of CEC, resulted in a significant injustice to the State – a lost opportunity to support its Public Assistance Request.  For these reasons, the Panel's decision should be vacated pursuant to 9 U.S.C. § 10(a)(3).

## IV.    CONCLUSION

The Panel's decision should be vacated under 9 U.S.C. § 10(a)(3) based on the Panel's refusal to consider evidence pertinent and material to the controversy. Specifically, the Panel did not consider the State's directly relevant FOIA requests that FEMA had not yet produced and, the Panel did not provide the State with the opportunity to make an oral presentation at a hearing in accordance with 44 C.F.R. § 206.209(h).

Because the arbitration proceeding is intended to be binding on the parties and in lieu of other administrative appeals, equity and fairness suggest that the Panel's failure to ensure a thorough and substantive review of all evidence on the entirety of the dispute requires their decision to be vacated.

**Respectfully Submitted:**

/s/ John B. Dunlap III
John B. Dunlap III (La Bar No. 19431)
Jennifer A. Fiore (La Bar No. 28038)
Hunter B. Bertrand (La Bar No. 30181)
**DUNLAP FIORE, LLC**
One American Place, Suite 1100
Baton Rouge, LA 70825

16

Phone: (225) 282-0660
Fax: (225) 282-0680
*Attorneys for The Louisiana Department of Natural Resources through the Coastal Protection and Restoration Authority*

AND

**STATE OF LOUISIANA,
COASTAL PROTECTION AND
RESTORATION AUTHORITY**
Clifton O. Bingham, Jr. (La. Bar No. 03052)
Richelle N. Moore (La. Bar No. 30641)
Post Office Box 44027
450 Laurel Street, Suite 1500 (70801)
Baton Rouge, Louisiana 70804-4027
Phone: (225) 342-3972
Fax: (225) 342-4711

Submitted this 2nd day of September, 2016.