UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA DEPARTMENT OF NATURAL RESOURCES EX REL. COASTAL PROTECTION AND RESTORATION AUTHORITY | CIVIL ACTION |
| VERSUS | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY | NO.: 16-00586-BAJ-EWD |

RULING AND ORDER

Before the Court is a **Motion to Vacate Arbitration Order (Doc. 1)** filed by the Louisiana Department of Natural Resources, through the Coastal Protection and Restoration Authority ("LDNR"). LDNR moves to vacate the arbitration decision rendered by the Panel in CBCA – 4984 – FEMA – *In the Matter of Louisiana Department of Natural Resources*, in which a panel of arbitrators upheld the Federal Emergency Management Agency's ("FEMA") denial of the LDNR's application for federal public assistance under the Robert T. Stafford Disaster Relief and Emergency Assistance Act ("Stafford Act"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, LDNR's motion is **DENIED**.

I.  BACKGROUND

On September 24, 2013, LDNR submitted a Project Worksheet Version Request 0 ("Public Assistance Request") to FEMA, seeking $586,112,000.00 to "restore the pre-Katrina/Rita stabilization features of the coastal barrier resource systems (CBRS) damaged by Hurricanes Katrina and Rita" under the Stafford Act.

1

(Doc. 1-2; *see also* Doc. 1-4).[1] Specifically, LDNR sought the grant to repair damage caused by Hurricanes Katrina, Rita, or both, to 16 barrier islands or headlands in Terrebonne, Lafourche, Jefferson, or Plaquemines Parishes, Louisiana, by "restoring 28,452,707 cubic yards of sand" to the islands and headlands and by providing "337,090 linear feet of sand fencing plus vegetation necessary to support and maintain the new sand." (Doc. 8 at p. 10; Doc. 1-4 at pp. 4 – 7).

FEMA denied LDNR's Public Assistance Request by letter dated August 24, 2015, stating that "[t]he requested system of barrier islands and the individual components of that system are natural features; neither the system nor the individual components are improved and maintained." (Doc. 1-5 at p. 1).[2] In the same letter, FEMA notified LDNR that it could "elect one of two remedies for resolution of its dispute." (Doc. 1-5 at p. 2). LDNR could either file a request to appeal FEMA's determination in accordance with 44 C.F.R. § 206.206, or it could, in lieu of filing an appeal, request arbitration of the matter before the Civilian Board of Contract Appeals ("CBCA Panel"), the statutorily designated arbitration authority, within 30 days of receipt of notice of FEMA's determination. (Doc. 1-5 at p. 2).

---

[1] The Stafford Act authorizes the President to "make contributions…to a State or local government for the repair, restoration, reconstruction, or replacement of a public facility damaged or destroyed by a major disaster." 42 U.S.C. § 5172(a)(1)(A). The Federal Disaster Relief Program, which is administered by FEMA, permits states to apply for a grant of assistance under the Stafford Act, subject to regulatory approval by FEMA. 44 C.F.R. § 206.202(c).

[2] To qualify for FEMA finding under the Stafford Act, costs must be dedicated to work performed on an eligible facility which is the legal responsibility of an eligible applicant. FEMA defines "facility" as "any publicly or privately owned building, works, system or equipment, built or manufactured, or an improved and maintained natural feature." 44 CFR § 206.201(c).

2

LDNR requested arbitration of the denial, asserting that FEMA "failed or refused to meet its obligations to provide Public Assistance under the Stafford Act so that Louisiana's [Coastal Barrier Resource System] can be restored to its pre-storm condition." (Doc. 1-6 at p. 3). Specifically, LDNR argued (1) that FEMA's promulgated rules and regulations are inconsistent with and beyond the authority provided to it by Congress and, alternatively, (2) that even if the CBCA panel were to rule in favor of FEMA's interpretation of "public facility," that it should still find that the "system" and/or the individual islands are natural features that have been improved and maintained as those terms are used in Subpart G. (Doc. 1-2 at p. 5). FEMA responded to LDNR's request on November 30, 2015, providing counterarguments to LDNR's position on the merits of its request and soliciting clarity from the Board "on the scope of the Board's review", asserting that the CBCA panel did not have legislative authority to rule on the validity of the definition of the term "facility" contained in FEMA's regulations. (Doc. 1-7 at p. 1; Doc. 8 at p. 13).

On March 24, 2016, the CBCA panel dismissed the request for arbitration, concluding that "[t]he Louisiana barrier islands, as a system...[were] not 'built or manufactured, or an improved and maintained natural feature'" and therefore held that "[LDNR's] application as filed must be denied." (Doc. 1-10 at pp. 4 – 5). The panel also held that LDNR was entitled to "exercise its rights by making new, separate applications for grants for 'public facilities' on each of the islands for which it believes natural features were improved and maintained, seeking grants from FEMA in response to each of these individual applications." (Doc. 1-10 at p. 5).

3

LDNR then filed a motion on April 22, 2016, asking the panel to reconsider and/or amend its decision on three grounds: "(1) the Panel did not consider and/or rule on all arbitral issues; (2) the Panel did not provide the State with an opportunity to present an oral presentation at a hearing as provided for in 44 C.F.R. § 206.209(h); and (3) the State and the Panel did not have all available evidence because FEMA…failed to respond to the State's FOIA requests." (Doc. 1-11). The panel denied LDNR's motion to reconsider, reiterating its earlier conclusion that the islands and headlands to which LDNR's application pertained were not "an improved and maintained natural feature" and rejecting LDNR's argument that the CBCA panel had not given LDNR the opportunity to make an oral presentation or to submit for review documents FEMA might produce in response to its FOIA requests. (Doc. 1-12).

In response to the panel's conclusion on the motion for reconsideration and/or amendment, LDNR filed separate grant applications on individual islands that had been improved and maintained, in addition to filing the instant motion, in which it seeks to vacate the CBCA panel's reconsideration decision because: (1) the arbitration panel did not have all available evidence due to FEMA's failure to respond to LDNR's FOIA requests; and (2) the arbitration panel did not follow FEMA's promulgated rules that provide for a hearing. (Doc. 1-2 at pp. 1 – 2).

## II. DISCUSSION

### A. ARGUMENTS OF THE PARTIES

In the instant motion, LDNR asks that the Court vacate the panel's refusal to reconsider its initial decision affirming FEMA's denial of benefits, asserting that (1) it was prejudiced by FEMA's failure to respond timely to its FOIA requests and by the panel's refusal to consider documents ultimately produced, and (2) that the panel's failure to hold a hearing on the merits prevented LDNR from presenting evidence and expert testimony in support of its position. (Doc. 1-2 at pp. 12 – 17). FEMA counters that because LDNR has not identified a reason that might have caused the panel to conclude that the islands and headland for which LDNR sought its grant were a "system" under 44 C.F.R. § 206.2019(c), LDNR has failed to meet its burden of showing that the documents and other proposed evidence in support of its position were "material." (Doc. 8 at p. 19). Further, FEMA asserts that LDNR has not demonstrated that it suffered "serious prejudice" either by the panel's alleged refusal to consider documents received by way of FOIA requests or failure to have oral argument. (Doc. 8 at p. 20). On these grounds, FEMA asserts that LDNR's motion should be denied.

### B. LEGAL ANALYSIS

As both parties acknowledged in their respective memoranda submitted to the Court, the Federal Arbitration Act, 9 U.S.C. 10, *et seq.* ("F.A.A.") imposes significant limits on judicial review of arbitrator's awards so that arbitration will be an "efficient and cost-effective" alternative to litigation for the parties. *Positive Software Sols., Inc.*

*v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007) (en banc). Thus, judicial review of an arbitration decision is exceedingly deferential and vacatur is only available on very narrow grounds. *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). Vacatur of an arbitrator's award is only available in the four limited circumstances listed in § 10(a) of the F.A.A.: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. LDNR seeks to vacate the arbitration award under Section 10(a)(3).

An arbitrator's award may be vacated "where the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). As a general rule, arbitrators have an affirmative duty to "insure that relevant documentary evidence in the hands of one party is fully and timely made available to the other side. ... a failure to discharge this simple duty would constitute a violation of FAA § 10(a)(3), where a party can show prejudice as a result." *Chevron Transp. Corp. v. Astro Vencedor Compania Naviera, S. A.*, 300 F.Supp. 179, 181 (S.D.N.Y. 1969). Further, arbitrators are only required to give each of the parties

6

an adequate opportunity to present their evidence and argument; they are not bound to hear all of the evidence tendered by the parties. *Householder Grp.v. Caughran*, 354 F. App'x 848, 851. However, the arbitrator has "broad discretion to make evidentiary decisions." *Int'l Chem. Workers Union v. Columbian Chems. Co.*, 331 F.3d 491, 497 (5th Cir. 2003). An evidentiary decision alleged to be made in violation of the FAA must have "so affected [the party's] rights ... that it may be said he was deprived of a fair hearing." *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1023 (5th Cir. 1990) (citations omitted).

LDNR's assertions of prejudice are conclusory at worst and are lacking in factual support at best. In its reconsideration decision, the CBCA panel noted that LDNR failed to identify "what it might have said or shown [the panel] in documentary form ... if it had been given a chance to supplement its presentation" that might have affected its ultimate conclusion that the islands and headlands did not constitute a "system" under applicable regulatory definitions. (Doc. 1-12 at p. 3). As FEMA noted in its opposition, LDNR has not cured that failure. More specifically, although LDNR asserts that the requested records—which related to LDNR's grant application and to other FEMA-funded restoration for barrier islands along the East Coast and the Gulf of Mexico—go to issues "related to FEMA's decision in the instant matter as well as its treatment of other barrier island hurricane claims" and are therefore relevant to this instant proceeding, LDNR fails to state why the Court should rely on that assertion to conclude that the arbitrators failed to consider *material* evidence, *i.e.*, evidence the consideration of which was necessary to afford LDNR a fair opportunity

to be heard on the relevant issues. Without a more substantial statement of materiality, the Court has no grounds upon which to vacate the panel's arbitration decision. *See Johnson v. Directory Assistants Inc.*, 797 F.3d 1294 (11th Cir. 2015) (upholding an arbitration award where the movant failed to demonstrate that disregarded evidence was material to the case).

Nor has LDNR presented legally persuasive arguments in support of its assertions of prejudice. First, as with its statements concerning materiality, LDNR's arguments of prejudice lack any real support. LDNR maintains that the panel's "refusal to hear evidence pertinent and material to the controversy, such as the testimony of [experts from Coastal Engineering Consultants, Inc.], resulted in a significant injustice to [LDNR]—a lost opportunity to support its Public Assistance Request." (Doc. 1-2 at p. 16). However, this asserted failure is not so substantial as to affect LDNR's rights to secure the desired funding, nor can it rightly be called a failure to consider evidence. In support of its initial request for arbitration, LDNR asserts that it extensively briefed its position regarding how to the subject islands and headland should be classified by FEMA. (Doc. 1-2 at p. 14). In its written ruling, the panel appears to have reviewed some—if not all—documents and evidence submitted in support of the initial request for arbitration and in the request for reconsideration and/or amendment of the initial decision. (*See* Docs. 1-10, 1-12). Although the CBCA panel's review of evidence may not have encompassed the entire universe of available documents, absent a showing of prejudice, this does not amount to misconduct. *See Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*,

397 F.2d 594 (3rd Cir. 1968) (holding that Section 10(a)(3)'s permitting federal courts to vacate arbitration award for misconduct of arbitrators in refusing to hear pertinent evidence resulting in prejudice does not mean that every failure to receive relevant evidence constitutes misconduct which will require vacatur of an arbitrator's award). There is no indication that LDNR's assertions of prejudice stem from anything other than discontent with the CBCA panel's decision, which is not enough to support vacatur of the arbitration decision.

Further, even if the Court was to find that LDNR was prejudiced by the panel's alleged failure to consider documents received by FOIA requests and to hold oral argument, the Court cannot ignore the fact that the panel encouraged LDNR to "exercise its rights by making new, separate applications for grants for 'public facilities' on each of the islands for which it believes natural features were maintained, seeking grants from FEMA in response to each of these individual applications," (Doc. 1-12 at p. 4), and that LDNR ultimately took advantage of this opportunity.[3] Although counsel for LDNR experienced some slight inconvenience by having to submit several separate applications to procure funding to restore the disputed islands, it can hardly be said that this amounts to prejudice for which LDNR may seek to vacate the CBCA panel's arbitration order. Ultimately, FEMA will reconsider LDNR's request, at which time LDNR will have an opportunity to present

---

[3] As mentioned, FEMA permitted LDNR to file renewed requests seeking grant funding for eligible facilities in accordance with the CBCA panel's March 24, 2016 decision. LDNR acceded to FEMA's recommendation and filed new requests for relief under the Stafford Act on or before August 5, 2016, as instructed by FEMA. (*See* Doc. 1-12).

9

oral argument and documentation (including documents received from FEMA through FOIA requests) in the course of the arbitration(s). (Doc. 1-12 at p. 5).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate Arbitration Award (Doc. 1)** filed by the Louisiana Department of Natural Resources, through the Coastal Protection and Restoration Authority ("LDNR") is **DENIED**.

Baton Rouge, Louisiana, this 31st day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**